```
         UNITED STATES DISTRICT COURT
         EASTERN DISTRICT OF KENTUCKY
              NORTHERN DIVISION
                AT COVINGTON
```

CIVIL ACTION NO. 2:2015-CV-176 (WOB-CJS)

GARY HUNTER
JENNIFER HUNTER                                  PLAINTIFFS

VS.                 **MEMORANDUM OPINION AND ORDER**

CITY OF HIGHLAND HEIGHTS
JAYSAC COMPANY, LLC                              DEFENDANTS
GREG MEYERS

This is a civil rights action, in which Plaintiffs bring claims under 42 U.S.C.A. § 1983 to vindicate alleged violations of the Takings Clause of the Fifth Amendment and Due Process Clause of the Fourteenth Amendment. Plaintiffs' complaint also includes state law claims for relief under KY. REV. STAT. ANN. §§ 82.405, 92.330 and 92.340, as well as a claim for declaratory relief.

The matter now comes before the Court on Motions for Summary Judgment by the Plaintiffs (Doc. 31), Defendants the City of Highland Heights and Greg Meyers (Doc. 32), and Defendant JAYSAC Company, LLC (Doc. 37).

Having previously heard the parties, the Court now issues this Memorandum Opinion and Order.

**I. Factual and Procedural Background**

The entirety of this case involves a 100-foot stretch of land at the end of a currently dead-end street just south of Northern Kentucky University in Highland Heights, Ky. The street is in a

1

subdivision called University Estates, which was platted and mostly constructed in approximately 1993. (Deed, Doc. 31-4, PageID# 142; Plat Map, Doc. 32-1, PageID# 206; Whitacre Depo., Doc. 33, PageID# 247).

Most of the streets in University Estates end in cul-de-sacs. Jillian Court, the subject of this case, is an exception. When planning the subdivision, the City of Highland Heights and the subdivision planners intentionally left the end of Jillian Court unpaved to allow access to undeveloped land in the future. (Whitacre Depo., Doc. 33, PageID# 243-45). Thus, the final 100 feet of Jillian Court was unpaved, even though it was platted as a City street. (*See* Plat Map, Doc. 32-1, PageID# 206).

The Plaintiffs, Gary and Jennifer Hunter, own the property abutting the 100-foot undeveloped stretch of Jillian Court on the north. (Plat Map, Doc. 32-1, PageID# 206; Hunter Depo., Doc. 34, PageID# 250, 252). To the west of the Hunters' property is 13 acres of undeveloped land which Defendant JAYSAC Company, LLC purchased in 2014. (Crawford Depo., Doc. 36, PageID# 296).

Prior to that purchase, the City of Highland Heights Planning and Zoning Committee voted 7-0 to allow the 100-foot unpaved grass portion of Jillian Court "to be treated as a **driveway** unless there are more than two lots developed, [in which case] it would have to be developed as a public right-of-way according to the City's subdivision regulations." (Jan. 14, 2014 Minutes, Doc. 31-5,

PageID# 146; Crawford Depo., Doc. 36, PageID# 295)(emphasis added).

The use of the term "driveway" is an erroneous characterization. The area in question remained an unpaved (or "paper") street. Yet, other City employees eventually adopted this erroneous designation. (Whitacre Depo., Doc. 33, PageID# 232, 233, 235, 238, 239; Meyers Depo., Doc. 35, PageID# 275).

In the following months, Plaintiffs and their neighbors became upset with JAYSAC accessing its 13 acres by crossing the 100-foot unpaved section of Jillian Court. They filed open records requests and drafted a signed petition asking City officials to either create a cul-de-sac or other turnaround at the end of Jillian Court or leave it in its current grass form. (*See* Petition, Doc. 32-4, PageID# 209; Hunter Depo., Doc. 34, PageID# 256).[1]

Eventually, the City expended $9,369.69 and JAYSAC spent some of its own money to extend the paved portion of Jillian Court by 10 feet, add a drainage area at the end of the street, remove bushes and trees, add dirt and level the unpaved portion of the street, plant grass, and place a temporary block at the end of the

---

[1] Though it is not clear whether the Jillian Court residents were upset about matters beyond the aesthetics of their street, the record reflects some fear in the community that Northern Kentucky University might purchase JAYSAC's 13 acres and building a football stadium—a development which would significantly increase the traffic on the street. (*See* PageID# 256).

3

paved portion to prevent vehicles from driving on the freshly planted grass. (Whitacre letter, Doc. 31-8, PageID# 159-60; Expenses, Doc. 32-5, PageID# 231; Whitacre Depo., Doc. 33, PageID# 245-46).

Dissatisfied with this resolution, Plaintiffs filed this action under 42 U.S.C.A. § 1983 alleging violations of the Fifth and Fourteenth Amendments, along with two Kentucky state law claims and a claim for declaratory relief. (Doc. 1).

**II. Analysis**

**A. The remaining 90-foot unpaved portion of Jillian Court remains a public street.**

Plaintiffs allege four claims in their Complaint: (1) a 42 U.S.C.A. § 1983 claim; (2) a claim under KY. REV. STAT. ANN. § 82.405; (3) a claim under KY. REV. STAT. ANN. §§ 92.330 and 92.340; and (4) a claim for declaratory relief against the Defendants.[2] All four claims rely upon the principal question in this case: Is the final 90 feet of unpaved land at the end of Jillian Court still a public street?

This Court finds that the answer is yes. The original plat map for the subdivision shows that this area is a City street.

---

[2] Though they did not so allege in their Complaint, at oral argument Plaintiffs raised the possibility that JAYSAC and the City of Highland Heights may have violated the Subdivision Regulations that apply to University Estates. Since this state law claim is not properly before the Court, the Court will not address it.

4

(Plat Map, Doc. 32-1, PageID# 206). Though City of Highland Heights employees have referred to this area as a "driveway," the record demonstrates that the City of Highland Heights has maintained this stretch as an unpaved public street—one that JAYSAC or any person is free to use.

**B. There is no Constitutional violation, because the Defendants did not violate the Takings Clause or Due Process Clause.**

Plaintiffs assert that the City of Highland Heights violated both the Takings Clause and the Due Process Clause when it allegedly converted the end of Jillian Court into a private driveway for JAYSAC. (Complaint, Doc. 1, PageID# 2, 6-7). Yet, given the above conclusion that Jillian Court remains a public roadway, there can be no Takings Clause or Due Process Clause violation here.

When the subdivision plat was accepted by the City, Jillian Court became a dedicated public street. KY. REV. STAT. ANN. § 82.400(1). For the street to have been closed, the City would have had to bring an action under KRS 82.405. Such action was never filed, nor did the City cut off access to the unpaved portion to create an informal closure. *See City of Monticello v. Lahaye*, 2004-CA-002050-MR, 2005 WL 2323465 (Ky. Ct. App. Sept. 23, 2005).[3]

---

[3] Though this opinion is unpublished, Kentucky law permits citations to unpublished Kentucky Court of Appeals opinions issues after January 1, 2003 if there are no published opinions

5

Therefore the street remains a public street regardless of the fact it has sometimes been referred to as a "driveway."

**C. The Court will dismiss the state law claims under KY. REV. STAT. ANN. §§ 82.405, 92.330, and 92.340 and for declaratory relief without prejudice.**

Having held that no federal laws have been violated, the Court will dismiss the remaining state law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3) since they all involve issues of local government.

Therefore, having reviewed this matter, and being sufficiently advised,

**IT IS ORDERED** that the parties agree to an appropriate judgment consistent herewith and submit the same to the Court within 20 days of this Order.

This 16th day of March, 2017.



Signed By:
*William O. Bertelsman*
United States District Judge

---

that would adequately address the issues before the Court. KY. R. CIV. P. 76.28(4)(c).